### CORENBLUM v. BOND MILLWORKS, Inc.

Circuit Court, Dade County, Civil Appeal.

January 22, 1954.

Pallot, Silver & Mulloy, Miami, for appellant.

Hylan H. Kout, Miami Beach, for appellee.

WILLIAM A. HERIN, Circuit Judge.

The plaintiff (appellant) prosecuted this appeal from an order of the civil court of record granting defendant's (appellee's) motion for a new trial.

Plaintiff sued the defendant in the civil court of record on a breach of contract, and defendant filed an answer denying the material allegations of plaintiff's complaint and filed a counterclaim against plaintiff. Jury trial was held on the issues presented on May 20, 1953, and continued to May 21, 1953, and a jury verdict was rendered in behalf of the plaintiff in the sum of $800; the defendant's counterclaim being denied. The civil court of record granted defendant's motion for a new trial, and plaintiff took this appeal.

This court has examined the record, including the transcript of testimony and considered the briefs and arguments of counsel and finds that the trial of this case was begun by Hon. Silver S. Squarcia, as judge of the civil court of record, prior to the time that Hon. John C. Wynn, his successor in office, took the oath of office to

replace him as judge of the civil court of record, and that Hon. Silver S. Squarcia had authority as a de jure judge to begin the trial of this case as judge of the civil court of record. Having legally begun the trial of this case as judge of the civil court of record, he concluded the trial on the next day as a de facto judge, after his successor was appointed and qualified. Under these circumstances, the court finds that the Hon. Silver S. Squarcia was authorized to continue and conclude the trial of the case as a de facto judge and to take the actions which he took in the course of the trial as the presiding judge in the case.

From an examination of the record, this court finds that the trial court committed no reversible error, and it is therefore ordered that the order granting a new trial be and it is reversed, with instructions that final judgment be entered for plaintiff pursuant to the jury verdict, and that the costs of this appeal be assessed against the defendant.